UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANNA M. VINES CARTER,

      Plaintiff,

                                     Civil Action 2:14-cv-2343
    v.                           Judge Edmund A. Sargus, Jr.
                                     Magistrate Judge Elizabeth P. Deavers

GRANT HOSPITAL *et al.,*

      Defendants.

-----------------------------------------------------------------------------------------------------------------

ANNA M. VINES CARTER,

      Plaintiff,

                                       Civil Action 2:14-cv-2345
    v.                           Judge Gregory L. Frost
                                     Magistrate Judge Elizabeth P. Deavers

OSU HARDING HOSPITAL *et al.,*

      Defendants.

### ORDER and INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Anna M. Vines Carter, an Ohio resident who is proceeding without the assistance of counsel, has filed the above-captioned actions naming a Grant Hospital, OSU Harding Hospital, and individuals who appear to be employed by or associated with the hospitals.  This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis.*  (Case No. 2:14-cv-2343, ECF No. 1.)  The Motion is **GRANTED**. Although Plaintiff did not move for leave to proceed *in forma pauperis* in Case Number 2:14-cv-

2345 (the "2345 Case"), the Court relies upon her Motion in Case Number 2:14-cv-2343 (the "2343 Case") to conclude that she may also proceed *in forma pauperis* in the 2345 Case. Accordingly, it is **ORDERED** that judicial officers who render services in these actions shall do so as if the costs had been prepaid.  This matter is also before the Court for the initial screen of Plaintiff's Complaints under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaints, or any portion of the Complaints, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screens, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** these actions for failure to state a claim.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

\*       \*       \*

(B) the action or appeal--

_____

[1]Formerly 28 U.S.C. § 1915(d).

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

The Undersigned finds that Plaintiff has failed to satisfy the basic pleading requirements set forth in Rule 8(a). In the 2343 Case, beyond filling out the caption and identifying the parties, Plaintiff fails to advance any allegations and further fails to identify the relief she seeks. In the 2345 Case, much of Plaintiff's Complaint is illegible and incomprehensible. She refers to a number of regulations, chapters, and rules, but offers no allegations that could plausibly support a cause of action under federal or state law. None of the allegations even mention a named Defendant. The relief she requests—coded rules and damages in the amount of $666,666,666 trillion—do not shed light on the nature of her claims.

As United States Magistrate Judge Kemp recently noted, in the more-than-a-dozen prior cases Plaintiff has filed in this Court, the Court has been quite liberal in granting Plaintiff an opportunity to amend her Complaint in an effort to provide her with an opportunity to state a cognizable claim or explain why this Court has jurisdiction. (Case No. 2:14-cv-2344, Nov. 25, 2014 Report & Rec. 3, ECF No. 2.) Yet Plaintiff has never attempted to cure the deficiencies

through an filing an amended complaint.  There is no reason to think that Plaintiff would seek to amend her Complaints in these actions.  Accordingly, because Plaintiff's allegations (and the absence of allegations in the 2343 Case) fail to put any of the Defendants on fair notice of what claims she is alleging against them as required under Rule 8(a)(2), it is **RECOMMENDED** that the Court **DISMISS** these actions for failure to state a claim.

### III.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Complaints in the above-captioned actions be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted))

      **IT IS SO ORDERED.**

Date: December 3, 2014                           ___/s/ *Elizabeth A. Preston Deavers*___
                                                 Elizabeth A. Preston Deavers
                                                 United States Magistrate Judge